UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARD HILMAN,

    Plaintiff,

v.

                                        Case No. 05-CV-73196-DT

AMERICAN AXLE & MANUFACTURING, INC.
et al.,

    Defendants.
                                          /

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [DKT. # 5];
DENYING MOTION TO CONSOLIDATE [DKT. # 6]; AND
REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

Pending before the court is a motion to remand, filed by Plaintiff Leonard Hilmon on September 2, 2005, and a motion to consolidate, filed by Defendant American Axle & Manufacturing, Inc., on September 8, 2005. Having reviewed the briefs, the court concludes a hearing on the motions is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant Plaintiff's motion, deny Defendant's motion, and remand this action to state court.

**I.  BACKGROUND**

This case has a rather complicated procedural background. Plaintiff's complaint was originally filed in Wayne County Circuit Court on March 19, 2004. Plaintiff, a former employee of Defendant American Axle & Manufacturing, Inc. ("AAM") and member of United Auto Workers ("UAW") Local 235, brought the action against AAM (his former

employer), Michael Thompson (his former supervisor), Brian Speller (an AAM General Supervisor), and Devrick Brown (his union representative).  Plaintiff's complaint included four counts: (1) a claim for tortious interference with a business relationship brought against Defendants Thompson, Speller, and Brown; (2) a claim of civil conspiracy brought against Defendants Thompson, Speller, and Brown; (3) a claim for intentional infliction of emotional distress brought against Thompson, Speller, and Brown; and (4) a claim for wrongful discharge in violation of the Michigan Persons with Disabilities Civil Rights Act, Mich. Comp. Laws § 37.1101 et. seq., brought against Defendant AAM.

Pursuant to 28 U.S.C. § 1441, Defendants filed a notice of removal in this court on April 21, 2004 alleging that "although Plaintiff has alleged state law tort claims in this case, those claims are completely preempted by Section 301 of the Labor Management Relations Act [29 U.S.C. § 185]" and present federal questions pursuant to 28 U.S.C. § 1331.  (Case No. 04-71490, 4/21/04 Notice of Removal at 2-3.)  Defendants also alleged that some of the state tort claims are preempted by the National Labor Relations Act with exclusive jurisdiction to hear such claims residing with the National Labor Relations Board.  *See* 29 U.S.C. §§ 157, 158; *San Diego Building Trades v. Garmon*, 359 U.S. 236 (1959).  Nowhere in Defendants' notice of removal did Defendants assert that Plaintiff was bringing an action under the Family and Medical Leave Act, 28 U.S.C. § 2601 ("FMLA").  Indeed, the FMLA was not even mentioned in Defendants' notice of removal.

Thereafter, Plaintiff filed a motion to remand on May 18, 2004, arguing that his complaint alleged only state law claims, and that these state law claims were not preempted by § 301 of the Labor Management Relations Act.  Plaintiff further argued

2

that removal was inappropriate under 28 U.S.C. § 1441 because no federal question was implicated. The court disagreed, and on July 2, 2004, the court denied the motion to remand.  Specifically, the court found that Counts I, II and III were preempted by § 29 U.S.C. § 185.

Apparently in response to this order, Plaintiff filed a "Discontinuance" on July 19, 2004, indicating that he was "discontinuing" Counts I, II, and III against Defendants, and asking the court to remand the case to state court in light of that "discontinuance." Defendants immediately filed a response to the "Discontinuance," stating that they would only stipulate to dismissal of Counts I, II and III if the dismissal was with prejudice.  (7/23/04 Response at 1-2.)  The court conducted a telephone conference on July 27, 2004, and thereafter issued an order dismissing Counts I, II and III, and remanding the action to state court.  The court stated:

> [O]n July 26, 2004, the court conducted an on-the-record telephone conference at which Plaintiff agreed to voluntarily withdraw counts one, two, and three with prejudice and with each party to bear their respective costs.  The court accepted Plaintiff's withdrawal of the federally preempted claims.  Plaintiff's withdrawal of the first three counts leaves only count four, which states a purely state law claim, remaining in this case.  The court, however, declines to exercise supplemental jurisdiction over the remaining state law claim and will remand to state court pursuant to 28 U.S.C. § 1367(c).

(7/27/04 Order at 2.)

The case then proceeded in state court through discovery, case evaluation, and the filing of dispositive motions.  (*See* Defs.' Resp. to Mot. to Remand at 3.)  On August 15, 2005, Plaintiff filed a case in federal court against AAM, seeking relief under FMLA.[1] On August 18, 2005, Defendants filed another notice of removal, which once again

---

[1] The FMLA action is also pending before this court, as case number 05-73162.

removed the Wayne County action to this court. Defendants argue that Plaintiff waived any right to FMLA relief when this case was remanded in 2004, and that the filing of federal court action triggered a renewed right to remove the state court action.[2]

Plaintiff brought a motion to remand, arguing that Defendants cannot remove this state law action, because there was never any assertion of FMLA in this case, nor was there ever any waiver of an FMLA claim. Plaintiff argues that the notice of removal is inappropriate and also untimely, and therefore asks the court to, again, remand this case to Wayne County Circuit Court.

## II.  STANDARD

It is axiomatic that federal courts are courts of limited jurisdiction. The removing defendants bear the burden of establishing federal subject matter jurisdiction. *See Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453-454 (6th Cir. 1996) (citing *Carson v. Dunham,* 121 U.S. 421, 425-26 (1887)). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). Thus, in cases such as this one where there is no diversity of citizenship, federal-question jurisdiction is required. *Id.*

Removal statutes should be given strict construction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941) ("'Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously

---

[2] Defendants also make these arguments as a basis for a motion to dismiss in case number 05-73162. The court expresses no opinion on the merits of Defendants' motion to dismiss, and will address them in a subsequent order.

confine their own jurisdiction to the precise limits which the [the removal] statute has defined.'") (quoting *Healy v. Ratta*, 292 U.S. 263, 270 (1934)); *see also Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999) ("In interpreting the statutory language, we are mindful that the statutes conferring removal jurisdiction are to be construed strictly because removal jurisdiction encroaches on a state court's jurisdiction."). Any doubt should be resolved in favor of remand. *Brierly*, 184 F.3d at 534. To that end, the Sixth Circuit has held that "in the interest of comity and federalism, federal jurisdiction should be exercised only when it is clearly established." *Id.*

### III. DISCUSSION

Defendants contend that this case is removable under 28 U.S.C. § 1441(a), which provides, in part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Specifically, Defendants argue that Plaintiff's March 19, 2004 Complaint asserted a cause of action under the FMLA. Defendants further argue that this claim was waived in order to induce a stipulation to remand the case in July of 2004. Thus, Defendants maintain that when Plaintiff filed a federal complaint based on the FMLA on August 15, 2005, this case became removable. The court finds Defendants' argument flawed on many levels and will therefore grant the motion to remand.

5

First, the court finds that no FMLA claim was ever asserted in Plaintiff's March 19, 2004 complaint. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987) (citing *Gully v. First National Bank,* 299 U.S. 109, 112-13 (1936)). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.*

In this case, while Plaintiff's complaint mentions the FMLA, it does not appear to the court that Plaintiff intended to assert a claim under the FMLA. Indeed, despite the fact that federal question jurisdiction was hotly contested by Plaintiff when this case was previously before the court on removal, nowhere in the record is there any suggestion by either the parties or the court that a cause of action was being asserted under the FMLA. While Defendants *now* argue that such was the case, they have not directed the court to anywhere in the record where this argument was previously advanced.

The sole basis for removal in Defendants' April 21, 2004 notice of removal was that Plaintiff's state law claims were preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. (Case No. 04-71490, *See* 4/21/04 Notice of Removal at 2-3.) At no time was the FMLA mentioned in opposition to Plaintiff's May 18, 2004 motion to remand, nor was it mentioned in the court's July 2, 2004 order granting that motion. Finally, and most importantly, the court's July 27, 2004 order dismissing Counts I, II and III of Plaintiff's complaint and remanding the case to state

6

court contains no support for Defendants' assertion that remand was allowed only after Plaintiff waived his purported FMLA claim.  Indeed, the court noted only Plaintiff had agreed to withdraw its federally preempted claims and that the only remaining claim asserted an action under state law.  *(See* 7/27/04 Order.)   Thus, Defendants' current argument that Plaintiff had previously asserted an FMLA claim against them is unfounded.[3]

Further, to the extent that Defendants intend to raise a defense under federal law, this is also not enough to remove under § 1441.  "When determining whether removal is proper, a court may only examine the face of the complaint and cannot rely on an anticipated defense raised by defendants."  *Neal v. Wilson*, 920 F.Supp. 976, 983 (E.D. Ark. 1996) (citing *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust for S. California*, 463 U.S. 1 (1983)).   In other words, it is Plaintiff's allegations, not Defendants', that determine whether a federal question is presented.  *Id.* (citing *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125 (1974)) ("A federal question must be an essential element of the plaintiff's complaint to provide grounds for removal.").

Moreover, the court also finds that, even if Plaintiff's original complaint asserted a cause of action under the FMLA, Defendants' current notice of removal is untimely.  Under 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or

---

[3]  Further, the court notes that, because federal question jurisdiction was previously litigated by the parties, Defendants' current argument would be barred by both collateral estoppel and the law of the case doctrine.

otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446 (b).  "Although not jurisdictional, the thirty-day period for removal is mandatory and must be strictly applied."  *City of Albion v. Guaranty Nat. Ins. Co.,* 35 F. Supp. 2d 542, 544 (W.D. Mich. 1998).  Indeed, "[a] defendant's failure to comply with the thirty-day limitation set forth in Section 1446(b) is an absolute bar to removal regardless of whether the removal would have been proper if timely filed."  *Groesbeck Investments, Inc. v. Smith*, 224 F. Supp. 2d 1144, 1148 (E.D. Mich. 2002).  The instant notice of removal was certainly not filed within thirty days of being served with the complaint.

Under 28 U.S.C. § 1446, however, "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days . . . from which it may first be ascertained that the case is one which is or has become removable."  Here, Defendants rely on § 1446(b) to argue that the case became removable when Plaintiff asserted an action under the FMLA in federal court.  The court is not persuaded that Defendants have met their burden of establishing that a renewed right to remove was created by the filing of Plaintiff's federal FMLA claim.  *See Groesbeck Investments, Inc.*, 224 F. Supp. 2d at 1148 ("The burden is on the defendant of showing that it has complied with the procedural requirements for removal.").

The court assumes, *arguendo*, that Defendants' argument is true that this case originally raised a claim under the FMLA, which was subsequently waived in July of 2004.  This does not change the fact that, as the court held in its July 27, 2004 Order

8

that "Plaintiff's withdrawal of the first three counts *leaves only count four, which states a purely state law claim, remaining in this case.*" (7/27/04 Order at 2 (emphasis added).)

There is nothing in the filing a federal lawsuit based on an allegedly waived federal claim which would somehow revive or create the right to removal under § 1446(b) over this "purely state law claim."[4]

Finally, to the extent that Defendants are attempting to "boot-strap" federal jurisdiction over the state law claim in this case by linking it to the FMLA claim asserted in the federal action, the court finds this attempt to be inappropriate. Even if the court were to find that the cases should be consolidated under Federal Rule of Civil Procedure 42,[5] the court would nonetheless decline to exercise supplemental

---

[4]Instead, as Plaintiff suggests, Defendants' argument could possibly form the basis of a defense to the FMLA action.

[5]The court notes that Defendants have filed a motion to consolidate under Federal Rule of Civil Procedure 42. Under Rule 42:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42. Defendants argue that this case should be consolidated with the FMLA case because they involve almost identical factual and legal allegations. While it is true that the two cases overlap to a great extent, the court cannot consolidate where, as here, it lacks jurisdiction over one of the two actions. *See Bristol-Myers Squibb Co. v. Safety Nat. Cas. Corp.* 43 F. Supp. 2d 734, 745 (E.D.Tex. 1999) (citing *Johnson v. Manhattan Ry.,* 289 U.S. 479, 496-97, 53 S.Ct. 721, 727-28, 77 L.Ed. 1331 (1933)) ("Thus, there must be separate jurisdictional bases for each action prior to any consolidation. If not then the case lacking a separate jurisdictional bases must be remanded."). Indeed, even in the case upon which Defendants' rely, federal question jurisdiction existed over the two cases which the court ordered consolidated. *See Norris v. Cincinnati Bell Telephone Co.*, Nos. 02-183 & 02-204, 2002 WL 31556519, *1 (S.D.Ohio Oct. 24, 2002)(consolidating federal discrimination action with removed state law discrimination action which also asserted federally preempted claims). Because the

9

jurisdiction over the state law claim asserted in this case. "Supplemental jurisdiction is a doctrine of discretion, not of plaintiff's right." *Habich v. City of Dearborn,* 331 F.3d 524, 535 (6th Cir. 2003) (quotations omitted). In this case, the underlying state case has proceeded through discovery and the filing of dispositive motions, and the interests of judicial economy weigh against the assertion of supplemental jurisdiction. Thus, even if the court were to consolidate the two actions, the court would decline to exercise supplemental jurisdiction over the state law claim asserted in this case and would still remand the case to Wayne County Circuit Court.

Accordingly, the court finds that Defendants have failed to articulate a valid basis for subject matter jurisdiction in this case and removal was therefore inappropriate. In making this finding, central to the court's analysis is the rule that removal statutes are to be construed restrictively and any doubts should be resolved in favor of remanding the case to state court. *Groesbeck Investments, Inc.*, 224 F. Supp. 2d at 1148; *see also Her Majesty the Queen v. City of Detroit,* 874 F.2d 332, 339 (6th Cir. 1989). Defendants have failed to carry their burden of showing both that the procedural rules of removal were followed and that a federal question is presented in this case. The court will therefore remand this action to state court.

---

court will grant the motion to remand for lack of jurisdiction, the motion to consolidate will be denied.

## IV.  CONCLUSION

IT IS ORDERED that Plaintiff's motion to remand [Dkt # 5] is GRANTED, and this case is REMANDED to Wayne County Circuit Court for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that the motion to consolidate [Dkt. # 6] is DENIED.

      S/Robert H. Cleland                  
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  September 30, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 30, 2005, by electronic and/or ordinary mail.

      S/Lisa G. Wagner                     
Case Manager and Deputy Clerk
(313) 234-5522